THE NEW HANOVER HUMAN RELATIONS COMMISSION AND NEW HANOVER COUNTY, AND INTERVENOR JAMES A. ROBINSON v. PILOT FREIGHT CARRIERS, INC.

No. 865SC741

(Filed 6 January 1987)

1. **Administrative Law § 8— judicial enforcement of commission order—scope of review**

The trial court had the authority pursuant to the New Hanover County Code to decline to enforce an order by the New Hanover Human Relations Commission that respondent rehire a Jehovah's Witness who had been fired for not working on Thursday nights where the court found that the Commission's order was affected by error of law and unsupported by substantial evidence in view of the entire record.

2. **Master and Servant § 7.5— Jehovah's Witness—finding that employer burden de minimis—not supported by evidence**

> The trial court correctly concluded that findings by the New Hanover County Human Relations Commission that its suggested employer accommodations for a Jehovah's Witness who would not work on Thursday nights would impose only a de minimis cost on the employer were not supported by the evidence and were affected by an error of law.

3. **Administrative Law § 8— judicial review of Human Relations Commission order—findings and conclusions sufficient**

> The trial court's findings and conclusions were sufficient to support its order declining to enforce an order of the New Hanover County Human Relations Commission where the court concluded that the Commission's order was affected by error of law and unsupported by competent evidence in the record and made additional conclusions of law, discussing its decision at length.

APPEAL by intervenor petitioner from *Strickland, Judge.* Judgment entered 25 March 1986, in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 17 December 1986.

This is a proceeding wherein petitioners seek enforcement of the order of petitioner New Hanover Human Relations Commission entered 27 June 1985, directing respondent Pilot Freight Carriers to reinstate intervenor petitioner Robinson as Operations Manager of its terminal located in Wilmington, N.C.

On 24 January 1985, a hearing panel of the New Hanover Human Relations Commission [hereinafter the Commission] conducted a hearing to determine whether Pilot Freight Carriers [hereinafter Pilot] had discharged an employee, James A. Robinson, because of his religion in violation of Sec. 6.5-23(a)(1) of the New Hanover County Code. Evidence was introduced at the hearing tending to show the following: Pilot hired Robinson for the position of Operations Manager of its Wilmington terminal in 1973. Robinson has been a Jehovah's Witness since 1957, and Pilot was aware of his religious affiliation when he was hired. Robinson's position in his church requires him to attend a meeting every Thursday night. From 1975 until 1980, Robinson worked for Pilot in the daytime. In 1980, Pilot found it necessary to reduce the clerical and salaried positions in its workforce. In these positions, only one full-time clerk, one part-time clerk and three salaried workers remained. The remaining salaried positions were the terminal manager, Lynn Frye (Robinson's supervisor); the operations manager, Robinson; and the sales representative,

Stanley Godwin. It was necessary for one of the clerical or salaried employees to work during operating hours to supervise the terminal. Robinson was required to begin working at night. When Robinson objected to working on Thursday nights, a clerical employee, Lena Williams, substituted for him on those nights from late 1980 until March 1982. Eventually, Williams only worked on Thursday nights until Pilot determined that for economic reasons it could no longer justify paying Williams to substitute for Robinson. Godwin and Frye began substituting for Robinson on alternate Thursdays. This arrangement required Godwin to work for sixteen hours on Thursdays and after a few weeks he informed Frye that he could not continue substituting for Robinson and continue his regular duties. Frye began working for Robinson every Thursday night, in addition to his regular duties. This additional work interfered with Frye's regular duties and had a negative effect on his morale and attitude. On Thursday, 20 May 1982, Frye told Robinson that he must work on Thursday nights. In discussions with Frye, Robinson suggested several arrangements for reconciling his need to attend his Thursday meetings and Pilot's requirements. Pilot rejected all of his suggestions. Robinson left the terminal the next Thursday, 27 May 1982, to attend his meeting. Frye then told Robinson to work on the next Thursday, 3 June 1982, or be terminated. Pilot's Vice President of Personnel, David Waugh, asked Robinson to work 3 June in order to give Pilot additional time to work out a solution and asked him if he would consider transferring to another terminal. Robinson would not agree to either of these suggestions. Robinson attended his meeting on 3 June 1982 and was discharged when he returned to work.

Following the hearing, the hearing panel on behalf of the Commission entered an order, making findings of fact consistent with the facts summarized above. The hearing panel also found that although Pilot had accommodated Robinson's religious practice from late 1980 until May 1982, that it had not tried to accommodate him during the period of 20 May 1982 until 3 June 1982. The hearing panel further found that the following arrangements could have been made by Pilot to accommodate Robinson's needs at a de minimis cost to Pilot. First, Robinson could have traded shifts on Thursdays with Margaret Spurling, a daytime clerk, because each was familiar with the duties of the other and

qualified to do the other's jobs. Second, Robinson could work Frye's day shift on Thursdays while Frye substituted for Robinson three hours on Thursday evening. The hearing panel reasoned that since Robinson had twice been offered the job of terminal manager and was familiar with Frye's daytime duties, he was qualified to substitute for Frye. The hearing panel also found that although this arrangement would prevent Frye from carrying out his duties related to sales and the entertainment of customers on Thursday evenings, Godwin was available for these duties or Frye could devote three hours during the day on Thursday to them. Based on these findings, the hearing panel concluded that Pilot had failed to reasonably accommodate Robinson's religious practices as required by the New Hanover County Code, because "it ignored at least two available alternative means of accommodating the charging party's religious practices, both of which were reasonable, and neither of which would have constituted a greater than *de minimis* hardship." The hearing panel on behalf of the Commission ordered Pilot, based on these findings and conclusions, to reinstate Robinson's employment at Pilot, to pay him back wages from 3 June 1982, and to make reasonable accommodations for his religious practices.

On 21 January 1986, the Commission and New Hanover County filed a petition in the Superior Court, New Hanover County, seeking an order compelling Pilot to comply with the order entered by the Commission on 27 June 1985, alleging that Pilot had failed to comply with the order in any respect. Robinson made a motion to intervene in the proceedings, which was allowed on 14 March 1986. Pilot filed a motion to dismiss the petition, alleging that the petition had not been timely filed, which the trial court denied. On 25 March 1986, after reviewing the record of the administrative proceedings and the briefs of the parties and hearing oral arguments, the trial court entered an order wherein it concluded as a matter of law that the accommodations to Robinson's religious beliefs suggested by the Commission were unsupported by the evidence, affected by error of law, and amounted to a substitution of uninformed business judgment for the judgment legitimately exercised by Pilot. The court concluded that Pilot's efforts to accommodate Robinson's religious practices prior to his discharge "went beyond the efforts required by law." The court further concluded that the Commission's suggestions that super-

visory personnel or personnel from other departments could trade jobs with Robinson on Thursdays without any loss of efficiency are speculative and contrary to reason and that such an arrangement was not required by the statute requiring employers to make "reasonable accommodations" to employees' religious practices.

From an order denying the petition for enforcement and dismissing the petition, intervenor petitioner Robinson appealed.

*James B. Gillespie, Jr., for intervenor petitioner, appellant.*

*Blakeney, Alexander & Machen, by William L. Auten, for respondent, appellee.*

HEDRICK, Chief Judge.

[1] By his first three assignments of error, intervenor petitioner contends the New Hanover County Code required the trial court to enforce the Commission's order. Intervenor petitioner argues that Pilot's failure to appeal the hearing panel's order to the full Commission or to the superior court precluded "substantive review" of the order when he sought to have it enforced. He further argues if the trial court was entitled to review the Commission's order, such review should have been limited to questions of "major irregularity of administrative proceedings."

Sec. 2-33(3), of the New Hanover County Code, provides that if sixty days after the entry of an order of the hearing panel or commission, a respondent has neither complied with nor sought review of the order, any aggrieved person or the commission may apply to the superior court for an order enforcing the commission's order. The ordinance further provides that following a hearing on such petition:

(d) The court shall issue the order requiring compliance with the hearing panel's or commission's order unless it finds that enforcement of the order would prejudice substantial rights of the party against whom the order is sought to be enforced because the findings, inferences, conclusions or decisions of the hearing panel or commission are:

1. In violation of constitutional provisions;

2. In excess of the statutory authority or jurisdiction of the commission;

3. Made upon unlawful procedure;

4. Affected by other error of law;

5. Unsupported by substantial evidence in view of the entire record as submitted;

6. Arbitrary or capricious.

(e) If the court declines to enforce the hearing panel's or commission's orders for one of the reasons specified in subsection (3)(d), it shall either:

1. Dismiss the petition;

2. Modify the hearing panel's or commission's order and enforce it as modified;

3. Remand the case to the hearing panel or commission for further proceedings.

In the present case, the trial court found that the Commission's order was affected by error of law and unsupported by substantial evidence in view of the entire record. Clearly, the trial court had the authority pursuant to Sec. 2-33(3) of the New Hanover County Code to decline to enforce the petition based upon these findings, regardless of whether Pilot had appealed the Commission's order. These assignments of error are without merit.

[2] Petitioner intervenor next contends the trial court erred in declining to enforce the Commission's order because "the findings of fact, conclusions of law, decision, and order entered by the New Hanover Human Relations Commission were proper and appropriate." We disagree.

Chapter 6.5 of the New Hanover County Code was enacted pursuant to 1981 N.C. Sess. Laws Ch. 960 for the general purpose of securing for all individuals in New Hanover County "freedom from discrimination in connection with employment because of race, color, religion, sex, national origin, handicap or age" and "is intended to carry out in the county the policies provided for in various federal rules, regulations and laws prohibiting employment discrimination, including but not limited to Title VII of the

Civil Rights Act of 1964, as amended." New Hanover County Code Sec. 6.5-17(a), (b) (1981). Sec. 6.5-23 of this Code defines the practices prohibited by the chapter, in part, as follows:

(a) It is a discriminatory practice for an employer:

(1) To fail or refuse to hire, to discharge or otherwise to discriminate against an individual with respect to compensation on the terms, conditions or privileges of employment because of race, color, religion, sex, national origin, handicap or age.

For the purposes of this chapter, "religion" is defined as follows:

*Religion* means all aspects of religious observance and practice as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate an employee or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

New Hanover County Code Sec. 6.5-18(g). This definition is essentially the same as the definition of religion for the purposes of Title VII of the Civil Rights Act of 1964. 42 U.S.C. Sec. 2000e(j) (1981).

In *Transworld Airlines, Inc. v. Hardison*, 432 U.S. 63, 97 S.Ct. 2264, 53 L.Ed. 2d 113 (1977), the United States Supreme Court was presented with the issue of the extent of an employer's obligation under Title VII to make "reasonable accommodations" to an employee whose religious beliefs prohibit him from working on Saturdays. The Eighth Circuit Court of Appeals had held, in that case, that the employer had not made reasonable efforts to accommodate the employee's religious needs, because it had rejected three available means of accommodation. The Supreme Court reversed and held that any accommodation to the employee's religious practices which would impose more than a de minimis cost to the employer would be an undue hardship and is not required by Title VII. The Court specifically rejected the alternatives suggested by the Circuit Court of Appeals, including the suggestion that the employee be replaced on Saturdays with supervisory personnel or with qualified personnel from other departments, holding that this alternative would result in a

greater than de minimis cost to the employer in the form of lost efficiency.

We have examined the record in the present case and hold that Judge Strickland correctly concluded that the Commission's findings that its suggested accommodations would impose only a de minimis cost on Pilot were not supported by the evidence and were affected by error of law. The whole record before us, the same as the record before Judge Strickland, demonstrates that Pilot made great efforts to accommodate Robinson's religious practices from 1980 until May 1982, first by allowing a clerical employee to work for Robinson on Thursday nights and then by substituting Godwin and Frye for Robinson on those nights. When these alternatives failed because of economic reasons or loss of efficiency, Pilot's terminal manager and the vice president of personnel discussed possible alternatives with Robinson, but they were unable to work out a solution. The accommodations suggested by the Commission, that Robinson trade jobs on Thursdays with Frye, the terminal manager, or with Margaret Spurling, who did not have the same job duties as Robinson, were similar to the suggested accommodations specifically rejected by the Supreme Court in the *Hardison* decision. These accommodations would impose a more than a de minimis cost in the form of lost efficiency and are therefore not required by Chapter 6.5 of the New Hanover County Code.

[3] Finally, intervenor petitioner contends the trial court erred by failing to set out with sufficient specificity its reasons for declining to enforce the Commission's order. We disagree. In its order, the trial court concluded that the Commission's order was affected by error of law and unsupported by competent evidence in the record and made additional conclusions of law, discussing its decision at length. These findings and conclusions were sufficient to support the order declining to enforce the Commission's order, pursuant to Sec. 2-33(3) of the New Hanover County Code.

Because of our disposition of Robinson's appeal, it is unnecessary for us to reach the questions raised by the appellee's cross-assignment of error.

For the foregoing reasons, the judgment of the superior court is affirmed.

Affirmed.

Judges JOHNSON and GREENE concur.